1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN HUVELDT,

               Plaintiff,

       v.

JAKE SWEENEY CHEVEROLET-
IMPORTS, INC. (d/b/a JAKE SWEENEY
BMW and BMW OF CINCINNATI
NORTH),

               Defendant.

CASE NO. 2:23-cv-00355-RSL

ORDER

This matter comes before the Court on "Plaintiff's Motion for Default Judgment Against Defendant Jake Sweeney Chevrolet-Imports, Inc. (d/b/a Jake Sweeney BMW and BMW of Cincinnati North)." Dkt. # 29. Jake Sweeney Chevrolet-Imports, Inc. ("Sweeney") has not appeared in this action, and its default was entered on April 25, 2023. Dkt. # 15. Having considered the motion, the supporting declarations, the remaining record, and the applicable law, the Court finds as follows:

**BACKGROUND**

Plaintiff filed his complaint against Sweeney and two other defendants on March 10, 2023, alleging that defendants breached their contractual and statutory obligations when they refused to repair plaintiff's 2018 BMW Certified X6 M after it suffered an engine failure during the warranty period. Sweeney is an Ohio corporation that sells and

services luxury vehicles in Ohio. Dkt. # 1 at ¶ 8. Plaintiff, a Washington resident, purchased his X6 M from Sweeney in Ohio. Dkt. # 1 at ¶¶ 6 and 10.

## DISCUSSION

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). *See also Flores v. Flores*, 590 F. Supp. 3d 1373, 1379 (W.D. Wash. 2022) ("Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction."). Plaintiff does not allege, nor has he made a showing, that the Court has personal jurisdiction over Sweeney.

## CONCLUSION

There being no indication that the Court has either general or specific jurisdiction over Sweeney, the Court lacks the power to adjudicate the claims asserted against that defendant. The motion for default judgment is therefore DENIED. The Clerk of Court is directed to close the case.

Dated this 5th day of June, 2024.

Robert S. Lasnik
United States District Judge

ORDER - 2