UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN HUVELDT,<br><br>           Plaintiff,<br><br>     v.<br><br>JAKE SWEENEY CHEVEROLET-IMPORTS, INC. (d/b/a JAKE SWEENEY BMW and BMW OF CINCINNATI NORTH),<br><br>           Defendant. | CASE NO. 2:23-cv-00355-RSL<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION |

On June 5, 2024, the Court denied plaintiff's motion for default judgment against defendant Jake Sweeney Chevrolet-Imports, Inc. (d/b/a Jake Sweeney BMW and BMW of Cincinnati North). Dkt. # 33. Jake Sweeney Chevrolet-Imports, Inc. ("Sweeney") is an Ohio corporation that sells and services luxury vehicles in Ohio. Dkt. # 1 at ¶ 8. Plaintiff, a Washington resident, purchased his BMW X6 M from Sweeney in Ohio. Dkt. # 1 at ¶¶ 6 and 10. Plaintiff filed a timely motion for reconsideration, arguing that the Court had overlooked facts alleged in the Complaint and governing law regarding *sua sponte* dismissals for lack of personal jurisdiction.

"Motions for reconsideration are disfavored" in this district, and "will ordinarily [be denied] in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR RECONSIDERATION - 1

reasonable diligence." LCR 7(h)(1). Plaintiff has not shown manifest error in the conclusion that the record does not support the exercise of personal jurisdiction over Sweeney. Because a judgment entered without personal jurisdiction over the defendant would be void, and the Court must *sua sponte* determine whether it has the power to enter judgment before doing so. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Due Process Clause "does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations." *Int'l Shoe Co. v. Wash*., 326 U.S. 310, 319 (1945). Rather, the defendant must have minimum contacts with the forum state, which in cases of this kind means that the defendant must take "some act by which [it] purposefully avails itself of the privilege of conducting activities with the forum . . . ." *Hanson v. Kenckla*, 357 U.S. 235, 253 (1958). "The contacts must be the defendant's own choice and not random, isolated, or fortuitous. . . . They must show that the defendant deliberately reached out beyond its home — by, for example, exploiting a market in the forum State or entering a contractual relationship centered there. . . ." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct*., 592 U.S. 351 (2021) (internal citations, quotation marks, and alterations omitted).

The existing record is completely devoid of circumstances that could form the necessary predicate for forcing Sweeney to defend plaintiff's claims in Washington. There is no evidence that Sweeney carried on any activities in Washington, that it closed a sale, performed services, or entered into a contract in Washington, that it availed itself of the privileges or benefits of doing business in Washington, that it advertised in Washington or solicited business with Washington residents, that it regularly sells cars to residents of Washington, or that it in any way directed its activities at Washington in the hopes of serving the Washington market. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). Knowing that the customer who came into its Ohio dealership was a Washington resident is simply too thin a reed on which to find that Sweeney purposely

availed itself of the privilege of conducting business in Washington. As the record currently stands, there is no indication that plaintiff's residence was material, that the sales contract created continuing obligations in Washington, or that the warranty required Sweeney to perform services in this forum. *See Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (finding that, where a dealership's sale of a vehicle to a resident of another state did not create any ongoing obligations to plaintiff in that state, personal jurisdiction does not exist).

      Nevertheless, reconsideration of the dismissal is appropriate. The Ninth Circuit has determined that a "routine application for entry of default judgment" does not impose upon the movant the obligation to show that the Court has the power to provide the relief requested, and the Court must provide an opportunity to establish that the exercise of personal jurisdiction over defendant is proper. In re Tuli, 172 F.3d at 713. See also Facebook, Inc. v. Pedersen, 868 F. Supp. 2d 953, 957 (N.D. Cal. 2012). The Clerk of Court is therefore directed to reopen the above-captioned matter. Plaintiff's motion for default judgment against Sweeney is DENIED without prejudice.

      Dated this 21st day of June, 2024.

                                      Robert S. Lasnik
                                      United States District Judge