UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN HUVELDT,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JAKE SWEENEY CHEVEROLET-IMPORTS, INC. (d/b/a JAKE SWEENEY BMW and BMW OF CINCINNATI NORTH),<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cv-00355-RSL<br><br>ORDER DIRECTING ENTRY OF DEFAULT JUDGMENT |

This matter comes before the Court on plaintiff's renewed motion for default judgment against defendant Jake Sweeney Chevrolet-Imports, Inc. (d/b/a Jake Sweeney BMW and BMW of Cincinnati North) ("Sweeney"). Dkt. # 38.[1] Sweeney is an Ohio corporation that sells and services luxury vehicles in Ohio. Dkt. # 1 at ¶ 8. Plaintiff, a Washington resident, apparently saw Sweeney's advertisement for a BMW Certified X6 M on Autotrader.com, contacted Sweeney in Ohio, and used email and telephone calls to negotiate the purchase and finance of the car. Dkt. # 1 at ¶¶ 6 and 10; Dkt. # 40 at ¶¶ 4-5.

---

[1] Sweeney was served with the summons and complaint on March 17, 2023, but failed to appear. Dkt. # 12-1. Sweeney's default was entered on April 25, 2023. Dkt. # 15.

ORDER DIRECTING ENTRY OF DEFAULT
JUDGMENT - 1

During the course of the negotiations, Sweeney asserted that it "had sold 'several' vehicles recently to purchasers in Washington State" and represented that the warranty on the vehicle would be effective in Washington. Dkt. # 40 at ¶¶ 7-8. Sweeney agreed to finance the purchase of the vehicle under a contract that called for monthly payments from plaintiff in Washington to Sweeney in Ohio over a 60-month period. Dkt. # 40-1. It also agreed to arrange to ship the car from Ohio to Washington, to register and re-title the car in the State of Washington, and to remit all Washington state and local taxes triggered by the purchase. Dkt. # 40 at ¶¶ 10, 13, and 15-17.

A court's decision to enter default judgment is discretionary, but default judgment is ordinarily disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). *See DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007). When a defendant has failed to appear and defend the claims against it, "the well-pleaded factual allegations" in the complaint are taken as true, but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). In addition, the Court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties. *GS Holistic, LLC v. Pudasaini*, No. 23CV00753AMOLJC, 2024 WL 710890, at *2 (N.D. Cal. Feb. 21, 2024) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)). If the Court *sua sponte* raises an issue with personal jurisdiction, the moving party must be given an opportunity to provide evidence outside the pleadings before resolving that question. *In*

*re Tuli*, 172 F.3d at 712-13. Plaintiff was given that opportunity and has provided declarations and documents regarding Sweeney's contacts with Washington, his damage calculations, and attorney's fees. Dkt. # 39-41.

Having reviewed the supplemental materials and the remainder of the record, the Court finds as follows:

The Due Process Clause "does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945). Rather, the defendant must have minimum contacts with the forum state, which in cases of this kind means that the defendant must take "some act by which [it] purposefully avails itself of the privilege of conducting activities with the forum . . . ." *Hanson v. Kenckla*, 357 U.S. 235, 253 (1958). *See also Boschetto v. Hansing*, 539 F.3d 1011, 1015–18 (9th Cir. 2008) (noting that cases arising out of a contractual relationship are analyzed under a "purposeful availment" standard). To have purposefully availed itself of the privilege of doing business in the forum, defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 2001) (internal quotation marks and citation omitted). The contacts with the forum state "must be the defendant's own choice and not random, isolated, or fortuitous. . . . They must show that the defendant deliberately reached out beyond its home — by, for example, exploiting a market in the forum State or entering

a contractual relationship centered there. . . ." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 592 U.S. 351 (2021) (internal citations, quotation marks, and alterations omitted). Simply contracting with a forum resident is not, standing alone, sufficient to create jurisdiction over the nonresident defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985); *Boschetto*, 539 F.3d at 1017.

Plaintiff bears the burden of establishing that the exercise of jurisdiction over Sweeney is proper. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Where, as here, the Court decides the issue without an evidentiary hearing, "plaintiff need only make a *prima facie* showing of the jurisdictional facts" based on the well-pled allegations of the complaint and the supplemental evidence provided. *Id.* (citation omitted). *See also Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127–28 (9th Cir. 1995).

Plaintiff has provided evidence that his purchase of a vehicle from Sweeney was one of several recent sales defendant made to Washington residents, that Sweeney had developed ancillary services to facilitate sales to Washington residents (such as arranging transportation for the vehicles sold to Washington residents), and that Sweeney affirmatively reached out to Washington agencies to ensure compliance with the forum's tax, registration, and title laws. In addition, Sweeney entered into an on-going financing arrangement through which it maintained a security interest in the subject vehicle while obligating plaintiff to make monthly payments on the debt over a five-year period. These facts distinguish this case from *Boschetto*, On plaintiff's version of the facts, Sweeney did not simply contract to sell a product to a resident of Washington. Performance of the

parties' agreement required Sweeney to conduct business in Washington related to the transfer of title, registration of the vehicle, and payment of state and local taxes. It also entered into a continuing business relationship with the resident through the financing agreement. When defendant's "business activities reach out beyond one state and create continuing relationships and obligations" in the forum, purposeful availment is established. *Travelers Health Ass'n v. Commonwealth of Va.*, 339 U.S. 643, 647 (1950). Because plaintiff's claims arise out of or relate to Sweeney's forum-related activities and there is no indication that the exercise of jurisdiction would be unreasonable, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004), the Court has personal jurisdiction over Sweeney.

      The Court therefore considers whether to exercise its discretion in favor of plaintiff and enter default judgment. In this context, courts may consider various factors, including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. Taking the well-pled allegations of the complaint as true, the Court finds that plaintiff would be prejudiced if he were prevented from pursuing his pending claims to judgment, that the complaint is sufficient and states viable causes of action, and that there is no indication that Sweeney's failure to appear in and defend this litigation was due to excusable neglect. Thus, four of

the seven *Eitel* factors weigh in favor of default judgment. While a significant amount of money is at issue and there is some concern that Sweeney might have potential defenses against both the claims and the calculation of damages, accepting the truth of the allegations and evidence, as we must in this context, "there is no longer the possibility of a dispute concerning material facts" now that default has been entered. *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014). Finally, the Court's strong policy preference in favor of resolution of claims on the merits will always weigh against entry of default judgment and is not dispositive when the defendant fails to appear or defend itself in the action.

For all of the foregoing reasons, plaintiff's renewed motion for default judgment (Dkt. # 38) is GRANTED. The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendant Jake Sweeney Chevrolet-Imports, Inc. (d/b/a Jake Sweeney BMW and BMW of Cincinnati North) as follows:

(1) Repair costs to the subject vehicle of $58,750.47;

(2) Replacement vehicle expenses of $22,699.88;

(3) Attorney's fees of $51,300.00; and

(4) Recoverable costs of $699.72

reduced by the $18,500.00 received in settlement from other tortfeasors, for a total of $114,950.07. The Court declines to award treble damages. The entire judgment amount of

$114,950.07 shall bear interest at the rate specified in 28 U.S.C. § 1961 from the date of judgment until paid in full.

Dated this 17th day of October, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge